## STATE v. IVY LEAF & PIPER COAL CO.
(6 Div. 741.)

(Court of Appeals of Alabama.  Aug. 4, 1925.)

1. Licenses ⚖8(1)—Statute requiring licensing of coal dealers must be strictly construed.

Acts 1919, p. 405, § 361, relating to licensing coal or coke agents or dealers, is revenue law, designed not to regulate business, but to raise revenue, and must be strictly construed.

2. Licenses ⚖29 — Coal dealer, conducting business by keeping office and delivery yards in different places, held required to pay for only one license.

Under Acts 1919, p. 405, § 361, relating to taxation of coal or coke agents or dealers, where coal dealer kept yards and offices in separate places, he was required to pay for only one license.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by the State of Alabama against the Ivy Leaf & Piper Coal Company.  Judgment for defendant, and the State appeals.  Affirmed.

This case was tried upon an agreed statement of facts, which is as follows:

During each of the years 1920, 1921, 1922, 1923, and 1924, the defendant, Ivy Leaf & Piper Coal Company, was a corporation, and was during each of said years engaged in business as a retail coal dealer in the city of Birmingham,

Ala., which was during each of said years, a city of upwards of 25,000 population. During each of said years defendant maintained a coal yard at 825 North Twenty-Fifth street, in the city of Birmingham, at which address defendant maintained its general office, and at which address its books were kept. During the years 1920, 1921, and up to May, 1922, defendant maintained a yard for the storage and delivery of coal at Avenue E and Eighteenth street, in the city of Birmingham, and in May, 1922, it ceased to maintain said yard at Avenue E and Eighteenth street, from which time, to and including the year 1924, it maintained a yard for the storage and delivery of coal at Avenue A and Twenty-Fourth street, in the city of Birmingham. During all of said years defendant has maintained only one office, has kept only one set of books, and has had only one set of managing officers, which said office was maintained and books kept at 825 North Twenty-Fifth street. During each of said years all business of the defendant was conducted through its said office at 825 North Twenty-Fifth street, and all orders for coal from its various customers in various localities in the city were received at said office, and the accounts of the defendant were kept at said office. The sole business conducted by defendant at said yards at Avenue E and Eighteenth street up to May, 1922, and thereafter at Avenue A and Twenty-Fourth street, was the receiving and storage of coal and the delivery thereof to its various customers; said yards at Avenue E and Eighteenth street and Avenue A and Twenty-Fourth street being maintained by the defendant for the purposes of convenient storage and delivery of coal. Deliveries of coal were made by defendant upon receipt of orders at its office from that one of said yards which was nearer to the place of delivery to the customer. No business was transacted by the defendant at either of said last-named addresses, other than the receiving and storage and delivery of coal as above stated.

During each and every one of the years 1920 to 1924, inclusive, defendant duly paid to the office of the probate judge of Jefferson county, Ala., within the time fixed by law, for and on account of a license for conducting the business of coal dealer, the sum of thirty-eight dollars ($38), of which said sum twenty-five ($25) dollars was on account of license fee due to the state of Alabama, twelve dollars and fifty cents ($12.50) was on account of license fee due to the county of Jefferson, and fifty cents (50 cents) was on account of fee to the probate judge of Jefferson county, Ala., for the issuance of license during each of said years. For the year 1920 (meaning the tax year beginning October 1, 1919) defendant duly received from the office of the probate judge of Jefferson county, Ala., upon the payment of said sum as above stated, a license in the following words and figures:

"No. 131.                                   $38.00
    "This License Expires September 30, 1920.
                "License 1919–1920.

"The State of Alabama, County of Jefferson.

    "This is to certify that Ivy Leaf & Piper Coal Company has deposited with the judge of said county, for the use of the state, twenty-five dollars, for the use of the county twelve and 50/100 dollars, as required by law, and is therefore authorized from and after date of this license to transact business as coal dealer at Birmingham.

"10–9–19.            H. F. Lee, State Auditor.
"Countersigned:
    "J. P. Stiles, Judge of Probate.
        "(This license is not transferable.)"

Defendant thereafter during each of the next succeeding years named herein—that is, four years—likewise received from the probate judge of Jefferson county, Ala., upon the payment of the sum hereinabove stated, a license in the exact words and figures of the license hereinabove set forth, except as to the number thereon, and the date of issue thereof, and the yearly period covered thereby. No other license was paid, except that as herein stated. Demand was made for payment of license for two separate yards by the proper authority and declined.

F. D. McArthur, Sp. Asst. Atty. Gen., for the State.

Under schedule 29 defendant was due to pay the license for each yard operated. Only one business may be operated under a license. Acts 1919, p. 440, § 363; Graham v. City of Mobile, 17 Ala. App. 19, 81 So. 355; Underwood Typewriter Co. v. Marengo Co. Bank, 17 Ala. App. 47, 81 So. 543; State v. Seals Piano Co., 209 Ala. 93, 95 So. 451; Davis v. Thomas, 154 Ala. 279, 45 So. 897.

Cabaniss, Johnston, Cocke & Cabaniss and Sumner E. Thomas, all of Birmingham, for appellee.

Taxing statutes are to be strictly construed in favor of the citizen. 36 Cyc. 1189; State ex rel. Samson v. Sheridan, 25 Wyo. 347, 170 P. 1, 1 A. L. R. 955; Crowder v. Fletcher, 80 Ala. 219; Yarbrough Bros. v. Phillips, 209 Ala. 341, 96 So. 414. No dealing was done at the second yard, and no license therefor was due. Bates v. State Bank, 2 Ala. 451; Branch Bank v. Knox, 1 Ala. 148; Wilson v. Delaney, 137 Iowa, 636, 113 N. W. 842.

SAMFORD, J. [1] Schedule 29, Coal or Coke Agents or Dealers, Acts 1919, § 361, p. 405, is to be found in and a part of the general revenue laws of the state, the design of which is, not to regulate the business therein specified, but to raise revenue, and therefore must be strictly construed. 36 Cyc. 1189.

[2] Under the agreed statement of facts in this case, the defendant was conducting but one business of the kind named, and, having paid the required license therefor, the trial court properly rendered judgment in its favor.

We find no error in the record, and the judgment is affirmed.

Affirmed.